Lane, C. J.
The partition having been made by one not the legal owner is'void, and the land is now held by the several parties to this Buit in common, but with various interests.
As the purchaser, from a tenant in common, takes such interest as the vendor can sell, within the limits of the tract sold, which he holds in common with the other owners, this bill, regarded as a mere bill for partition, can not be sustained on account of multifariousness, as the complainants hold in separate lots, without privity. 2 Ohio, 110; 6 Ohio, 391; 7 Ohio, 129, pt. 2; 9 Ohio, 126.
But the present bill assumes the principle that where separate interests have been acquired under au erroneous partition, chancery will exercise jurisdiction to bring all parties before the *477 court, and, while it preserves all substantial rights, will so mold them, in making a new division of the lands, as to impose burdens where, in equity, they ought to fall, and thus diminish, as far as practicable, the evils of previous errors.
The parties are here all before us. The classes of interests are the vendors, Smith and Houston ; Lawrence, the successful recoverer from Houston of a part of his title; the purchasers from Smith; the purchasers from Houston. Let us look at the equities between these classes:
*1. As between Smith, or the purchasers from Smith and Houston, it is clear that the latter should bear the whole loss, for it occurred by the failure of his title.
2. As between the purchasers from Smith and the purchasers from Houston, the equities are more complicated. If Houston’s purchasers take his title only, they stand in his place, and are bound by what binds him. But they seek, with much ingenuity, to grasp an equity as meritorious as that of the proper purchasers from Smith, from the peculiar form which Smith and Houston adopted in their division.
That form consisted in mutual deeds of bargain, sale, and release for a consideration in money. They thence insist that this was not a simple extinguishment of interest, like a deed of partition or a mere release, but a positive, affirmative conveyance, by which Smith sold- a part of his land to Houston, and Houston sold a part of his land to Smith ; so that each purchaser from Houston may trace a part of his title to Smith, and each purchaser from Smith can trace a part of his title to Houston; and, consequently, the condition of each purchaser, deriving his title from the same source, is equally meritofious.
"We can not admit this to be the true interpretation of this transaction. The parties did not intend to acquire new rights, but to regulate the manner in which subsisting rights were to be enjoyed. Smith did not contemplate acquiring any title from Houston, nor to communicate to him any of his own, nor to share with Houston, nor with Houston’s grantees, the benefits of warranties from his own grantors. But a simple partition, by release, was all the parties meant, as they specified in the recital, and no one is liable to be misled by the nominal money consideration, or by the use of the words “bargain and sale” in this connection. The parties to these deeds lost nothing, and acquired nothing ex *478 cept defined boundaries to the land they previously hold in common; The purchasers from Houston, therefore, are not authorized to rely upon this act as anything except a partition — defining boundaries, but conferring no title. They derive from Houston alone, and must bo content with rights subordinate to 'such equities as the purchasers *from Smith may exact from him. They have no just ground of complaint, if the whole burden of Lawrence’s recovery should fall upon their portion of the land.
Wo do not regard the case of Dennison v. Foster, 9 Ohio, 126, as controlling this. It places on the same footing the earlier and later purchasers from the same grantor, but it touches no relation between purchasers from different vendors.
3. We are, then, led to the equities between Lawrence and the purchasers from Smith. He is not bound by the partition; as to him, it is void; and he may rightfully exact from them land of equal quality, and of equal proportional valuó, with theirs. His rights are, in every sense, equal, but not superior; and where that equality can be fully preserved, they involve no privilege for satisfying bis claim in one locality rather than another.
If a tenant in common, acting in entire good faith, has been led to appropriate his land, and make improvements, he ought to be protected in equity, if it can be done consistently with the entire preservation of bis co-tenant’s rights. No such right should be conceded to one who officiously, or even thoughtlessly, and without due caution, asserts his separate interests; but ho'is surely well entitled to such protection, who lias -sought nothing but his own, and who has been led by accident or mistake, but without fault, into such premature appropriation.
Such appears to us to be the position of the complainants. Purchasers from Smith, for valuable consideration, they may sot up all his equities; they may equitably cast the burden of this recovery upon Houston, and those who hold his title; and they may demand of Lawrence to accept such land as has been previously aparted to those from whom he has reclaimed it, provided he can there find full satisfaction for all his rightful claims.
These ends, however, can only be reached through a suit in chancery, where jurisdiction, in cases like the ¡^resent, is abundantly justified by precedents. 1 Story’s Eq. 647, and seq.; 7 Ohio, 132, pt. 2. The analogy is ^strong between the interpo *479 sition of the court in this case, and the powers they exercise in marshaling assets, or in the adjustment of liens and priorities between different creditors, or successive purchasers, or mortgagees, or in a suit by the alienees of land subject to dower, to assign to the dowress the land of the heir.
The demurrer must be overruled, and the cause continued for answer. Demurrer overruled.